IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES D. TAYLOR,

    Plaintiff,

vs.                                        Case 08-3269-JTM-KMH

ALICE BRUCE and
ARAMARK CORPORATION,

    Defendant.

MEMORANDUM AND ORDER

Presently before the court is defendants Alice Bruce (Ms. Bruce) and ARAMARK Corporation's (ARAMARK) motion to dismiss plaintiff Charles D. Taylor's (Mr. Taylor) claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 15), and Mr. Taylor's motion for Judgment of Default pursuant to Rule 12 (Dkt. No. 18). For the following reasons, the court grants the defendants' motion and denies the plaintiff's motion.

**I. Background**

Mr. Taylor is an African American openly gay prisoner in the custody of the Kansas Department of Correction (KDOC), who at all times relevant to this motion was incarcerated in the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. ARAMARK is a private company that provides food services to the KDOC prison system, including HCF. Defendant Ms. Bruce is a manager for ARAMARK at HCF.

Inmate employment, by either private or public entities, is consistent with the training and rehabilitation goals of inmate correctional programs. The KDOC selects inmates eligible for work, approves their assignments, and can remove inmates from those assignments for virtually any reason. Despite the control of the KDOC over inmate employment, Mr. Taylor filed a suit against Ms. Bruce and ARAMARK, alleging that he was unlawfully discriminated against in his assignment by the defendants, which led to his removal.

Mr. Taylor was assigned as a kitchen helper with ARAMARK. In his complaint, he alleges that he was hired by ARAMARK, not the KDOC, and received paychecks and minimum wages from ARAMARK. After Mr. Taylor told his manger Ms. Bruce that he was gay, he claims his working conditions began to change, and that his complaints regarding Ms. Bruce's alleged unfair treatment toward him and other African Americans were ignored. On June 6, 2008, the HCF warden removed Mr. Taylor from his kitchen helper duties because of Ms. Bruce's claims that Mr. Taylor threatened her.

Mr. Taylor claims that he was unlawfully discriminated against by Ms. Bruce and ARAMARK during his kitchen helper assignment, and his removal from that assignment was a result of their unlawful actions. Mr. Taylor filed this action for race and sex discrimination pursuant to 42 U.S.C. § 1983.

Defendants ARAMARK and Ms. Bruce argue that Mr. Taylor's § 1983 claims are more properly construed as Title VII claims, because he alleges employment discrimination, which is governed by Title VII. As Mr. Taylor did not take his complaints to the Equal Employment Opportunity Commission (EEOC) and this action is his initial filing, the defendants move to dismiss Mr. Taylor's action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1),

because Mr. Taylor did not exhaust his administrative remedies as required by Title VII. Further, the defendants allege that Mr. Taylor does not have a cognizable Title VII claim, because he is not considered an employee, and thus is not afforded protection under the act. The defendants also move to dismiss Mr. Taylor's § 1983 claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), because Mr. Taylor failed to allege that he suffered depravation of the basic necessities of life by a state actor, as required for a § 1983 claim.

## II.  Analysis

Mr. Taylor is *pro se*, and thus his pleadings are entitled to a liberal construction, "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although this standard allows the court to make exceptions for poorly worded sentences and failures to properly address legal issues, the court cannot assume the role of the *pro se's* attorney. *Id.* Even though a *pro se's* pleadings are read broadly, the plaintiff is not relieved of alleging sufficient facts to "state a claim of relief that is plausible on its face." *Bafford v. Pokorski*, No. 07-3230, 2008 WL 2783132, at *1 (D. Kan. July 17, 2008).

Mr. Taylor asserts that while performing his kitchen duties, he was discriminated against by ARAMARK and Ms. Bruce due to his race and sexual orientation, in violation of 42 U.S.C. § 1983. He also claims that he was subject to cruel and unusual punishment, defamation, gross negligence, arbitrary and capricious conduct, professional misconduct and mental anguish under § 1983. The defendants move to dismiss Mr. Taylor's action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

The purpose of § 1983 is to provide a way for individuals to seek a federal remedy for violations of federally protected rights created by the Constitution or federal statutes. *Foster v.*

3

*Wyrick*, 823 F.2d 218, 220 (8th Cir. 1987). Section 1983 cannot be used: (1) as a remedy for violations of a statute, if the statute does not create a right secured by the laws of the United States; or (2) when a governing statute provides an exclusive remedy for a violation. *Id.* at 221 (citing *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981), *Pennhurst State School and Hosp. v. Halderman*, 451 U.S. 1, 28 (1981)). Both the Equal Protection Clause of the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964 provide protection from discrimination due to race. *Foster*, 823 F.2d at 220.

Title VII provides a comprehensive remedial system for the violation of the rights it provides. *See Great American Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 336, 378 (1979) (concluding that § 1983 cannot be used as the remedy for retaliatory discharge, because Title VII provides an exclusive remedy for retaliatory actions); *Foster*, 823 F.2d at 221 (finding § 1983 could not be used as a remedial path for a Title VII disparate impact claim, because the statute provides a remedy). Mr. Taylor's claims of race and sex discrimination in the workplace, are considered employment discrimination claims. Despite his assertion of the claims under § 1983, his allegations are actually governed by Title VII. Therefore, the court will analyze Mr. Taylor's unlawful discrimination claim as a Title VII claim.

### *A. Rule 12(b)(1) Motion for Lack of Subject Matter Jurisdiction*

Because Mr. Taylor's § 1983 claim is actually a Title VII claim, the defendants move to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) provides a means for dismissal due to a lack of subject matter jurisdiction. If the court concludes that it lacks subject matter jurisdiction, it must dismiss the action. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Mr. Taylor claims that he was unlawfully discriminated against due to his race and sexual orientation while working as a kitchen helper. ARAMARK and Ms. Bruce argue that Mr. Taylor does not have a cognizable Title VII claim, because he did not exhaust his administrative remedies, and because he is not considered an employee of ARAMARK, and thus not protected by the act.

### 1. *Failure to Exhaust Administrative Remedies*

An employee may bring a Title VII action after a charge has been filed with the EEOC and the employee has received a right to sue letter from the EEOC. *Simms v. Okla. ex rel. Dep't of mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). A jurisdictional prerequisite to a Title VII action is the exhaustion of administrative remedies. *Id.* Thus, if an employee does not exhaust their administrative remedies, the court does not have jurisdiction to consider their Title VII claim. *See Martin v. Central States Emblems, Inc.*, No. 04-3417, 2005 WL 2503838, at *3 (10th Cir. Oct. 11, 2005). Even if an employee asserted an employment discrimination claim though a means other than Title VII, their claim would still fail. *See Foster*, 823 F.2d at 221 (stating that an appellant may not surpass Title VII's prerequisite by asserting a § 1983 claim instead).

Although Mr. Taylor went to the directors of the prison, ARAMARK, and food distribution to discuss his problems with Ms. Bruce, he failed to file with the EEOC, and thus did not exhaust his administrative remedies. As such, the court lacks subject matter jurisdiction to consider Taylor's Title VII claim, and it must be dismissed. *See Martin*, 2005 WL 2503838 (finding a prisoner's Title VII claim must be dismissed for lack of subject matter jurisdiction, because the prisoner had not exhausted his administrative remedies).

### *2. Not an Employee Entitled to Protection Under Title VII*

Only when there is some form of employment relationship can Title VII protection apply. *See Williams v. Messe*, 926 F.2d 994, 997 (10th Cir. 1991). The classification of a plaintiff as an "employee" and thus falling within the protections of Title VII is a question of federal law. *Id.* A plaintiff is not considered an employee when his relationship with an employer arises out of his status as an inmate. *Id.* Although there might be some representation of an employment relationship, the primary purpose of the relationship is incarceration and not employment. *Id. See also Rhodes v. Schaefer*, No. 98-3323, 2002 WL 826471 (D. Kan. Mar. 20, 2002) (finding a prisoner working with a private employer on the grounds of a correctional facility is not an employee of that employer).

Thus, even if Mr. Taylor had exhausted his administrative remedies, his claim would still fail, because he is not an employee entitled to protection under Title VII. Rather, Mr. Taylor is an inmate at HCF and only received his position with ARAMARK through the KDOC and his inmate status. Therefore, Mr. Taylor is not an employee of ARAMARK and does not have a cognizable claim under Title VII. As such, his claim must fail.

### *3. Defendant Bruce Cannot Be Held Individually Liable for Violations Under Title VII*

Aside from his claims against ARAMARK, Mr. Taylor also asserted claims against Ms. Bruce in her role as a manager for ARAMARK. Because Title VII grants relief against the employer and not the individuals whose actions constituted the violation, such actions must be against individuals only in their professional capacity. *Sauers v. Salt Lake County*, 1 F.3d 1122,

1125 (10th Cir. 1993). The proper method for bringing a Title VII suit is to sue the employer, either by naming supervising employees as agents or by naming the employer itself. *Id.*

Ms. Bruce is a manager for ARAMARK and supervises the food distribution at HCF. Although Ms. Bruce allegedly engaged in the discriminatory actions against Mr. Taylor, she cannot be held personally liable and could only be used as a way to bring suit against ARAMARK. Thus, Ms. Bruce cannot be held personally liable for Mr. Taylor's claims, and any claims against her must be dismissed.

### *B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim*

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain factual allegations that "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, the complaint must contain allegations that create a claim for relief not just speculatively but plausibly. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claim is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In determining a Rule 12(b)(6) motion, the court assumes the factual allegations in the complaint to be true and views them in a way most favorable to the plaintiff. *Shelby v. Mercy Reg'l Health Ctr.*, No. 07-4147, 2009 WL 1067309, at *1 (D. Kan. April 21, 2009). "The court's function on a Rule 12(b)(6) is not to weigh potential evidence that the parties might

7

present at trial but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

In addition to Mr. Taylor's § 1983 claims of employment discrimination, discussed as Title VII claims above, Mr. Taylor also claims that he was subject to cruel and unusual punishment, defamation, gross negligence, arbitrary and capricious conduct, professional misconduct and mental anguish under § 1983. ARAMARK and Ms. Bruce argue that none of these allegations state a cognizable claim for relief.

### 1. Eighth Amendment Claims

The Eighth Amendment provides that a person shall not be subject to cruel and unusual punishment. U.S. CONST. amend. VIII. Although applicable to prison officials, the Eighth Amendment generally imposes such duties as refraining from excessive use of force, and providing humane conditions of confinement, such as adequate food, shelter and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). For a prison official to violate the Eighth Amendment, the act must result in the denial of life's minimal necessities, and the official must have had a "sufficiently culpable state of mind" when committing the actions. *Id.* at 834.

After carefully reviewing Mr. Taylor's complaint, the court finds that his claim does not rise to the level of "punishment," let alone "cruel and unusual punishment." Mr. Taylor's allegations include discrimination, being removed from his working duties, and negative treatment by a manager, none of which deprived Mr. Taylor of life's minimal necessities. A facility need not provide employment for an inmate. Thus, the court finds that Mr. Taylor has not stated a claim upon which relief can be granted.

*2. Section 1983 Claims*

For a claim to be cognizable under § 1983, the plaintiff must show that the defendants deprived him of a right secured by the Constitution and that the deprivation was achieved under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). These requirements apply only to the deprivation of interests included in the Fourteenth Amendment's protection of liberty and property; however, the range of the interest protected is not indefinite. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70 (1972), *see also Paul v. Davis,* 424 U.S. 693 (1976) (finding allegations of defamation was not enough to establish a claim under § 1983). After reviewing Mr. Taylor's other claims asserted as a violation of his Due Process Rights under § 1983, this court finds that his allegations of defamation, gross negligence, professional misconduct, arbitrary and capricious conduct, and mental anguish are not sufficient to establish a cognizable § 1983 claim.

## C. *Plaintiff's Motion for Judgment of Default Pursuant to Rule 12*

Rule 12 requires a defendant to serve an answer or motion within 60 days after a request for waiver. Mr. Taylor claims that the defendants failed to file an answer within this 60 day requirement and thus moved for a default judgment. However, the defendants filed their Rule 12 Motion to Dismiss on May 1, 2009, which is within 60 days of March 2, 2009, the day the complaint was filed . Due to the timely filing, plaintiff's motion is denied.

In summary, the court finds that it lacks subject matter jurisdiction over this action and grants the defendant's motion to dismiss pursuant to Rule 12(b)(1) and denies the plaintiff's motion for judgment of default.

IT IS ACCORDINGLY ORDERED this 20th day of November, 2009, that the present motion is hereby granted.

                                            s/ J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE